MICHAEL FARACI *vs.* MARY GIBBONS ET AL.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, JS.
Argued February 5th—decided March 3d, 1936.

*Leonard O. Ryan,* for the appellant (plaintiff).

*Frank E. Dully,* for the appellees (defendants).

PER CURIAM. The plaintiff brought this action to recover for injuries suffered when the automobile in which he was riding as a guest, operated by the defendant Kelly, a priest, and owned by the defendant Gibbons, ran into a traffic signal post at a street intersection. The accident occurred at night. The jury could reasonably have found the following facts: The highway upon which the car was proceeding was straight and about forty-four feet wide. While there had been some rain and fog that night, driving conditions and visibility at the time of the accident were good. The signal post had a light upon its top and a flood light from the side of the street was directed upon it. There was no traffic coming in the opposite direction. The lights of the defendants' car were in good condition. Father Kelly had been driving at a speed of thirty-five to forty miles an hour, along the

center of the street. There was no reason why he should not have seen the signal post in ample time to avoid it. The post was not, however, in the center line of the street upon which the car was traveling but was eight and one-half feet to Father Kelly's right of it, as he was driving toward Waterbury.

While Father Kelly might have been negligent in traveling at the speed he did, that speed could not reasonably have been found to constitute reckless misconduct within the meaning of the guest statute. The only evidence of anything except the immediate circumstances of the accident which might characterize the defendant's conduct as reckless was some rather indefinite testimony of the plaintiff that two minutes or so before the accident, as the automobile passed a trolley car going in the opposite direction, he involuntarily exclaimed, in a rather low tone, "Look out, Father, you are a little bit over to your left." The plaintiff testified that he did not know whether Father Kelly heard him but it was probable he did so, and that he thought he said it loud enough for him to hear. Father Kelly denied hearing any warning, as did two other guests in the car, called as witnesses by the plaintiff. But even assuming that Father Kelly did hear the exclamation, he was doing nothing improper in driving in the center of the road in absence of other traffic, and that exclamation is of little weight as tending to characterize his conduct. The plaintiff's case must rest upon the failure of Father Kelly to see the traffic post in time to avoid it; and in determining whether that failure constituted reckless misconduct the position of the post, eight and one-half feet to the right of the center of the highway, is a very material consideration. Father Kelly might well have been found to be negligent, but we cannot say that the trial court abused its discretion in setting the verdict

aside upon the ground that the jury could not reasonably have reached the conclusion that he was guilty of reckless misconduct.

There is no error.